## The People v. Thomas Craig.

*Drawing juries for successive but separate trials—Returning names of jurors to box.*

Comp. L. § 6020, provides that when a jury has been sworn to try an issue the ballots containing their names shall be kept apart from the other ballots until the jury is discharged. *Held*, that it is not necessary to wait until the jury is discharged and the ballots returned to the slip-box before proceeding to draw another jury from the slip-box for the trial of the next case, whether criminal or civil.

Where two persons have been indicted jointly and have demanded separate trials, and one has been tried and the jury discharged, *it seems* that the clerk of the court is not bound to return the names of the jurors to the slip-box before drawing a jury for the trial of the other.

Where a person jointly indicted with another, but tried separately, challenged the array on the ground that their names had been drawn from a box to which the names of the jurors who tried the other person had not been returned, though the jury had been discharged, it was *held* that the error, if any, was cured by the judge's offer to have a new jury drawn from a box containing the names of all the jurors, the challenged jury not having been sworn, or the prisoner put in jeopardy.

Error to the Recorder's Court of Detroit.    Submitted April 25.    Decided June 14.

Information for robbery.    Conviction affirmed.

*Charles E. Miller* for respondent appellant.

Attorney-General *Jacob J. Van Riper* for the People.

Marston, J.    An information was filed against Craig and Lemond charging them with robbery.    Separate trials were had, Lemond being first tried and acquitted.    When the jury was called in the present case the respondent interposed a challenge to the array in writing, setting forth that his co-defendant had been tried and acquitted by a jury, giving their names; that another case—The People v. Ellis —upon an information for larceny, had been set down for

trial upon the same day with that against respondent, and that the Ellis case had been first called, and the jury selected to try Ellis were the identical persons who had sat in and tried the Lemond case, " and that said jurors were out when this present panel was selected and called to try said defendant Craig's case, and that they are now out considering upon their verdict in the said Ellis cause;" that the jury in this case against respondent was not selected and chosen according to the statute, in this, that their names were purposely by said clerk left in the slip-box for the reason and because the jurors in the Ellis case had sat and tried the case against Lemond.

Looking at the facts set forth in this challenge, it appears that two criminal cases were set down for trial on the same day, viz., the case against Ellis and the other against the respondent. That the Ellis case was first called, a jury empanelled, the cause tried, and while the jury were out deliberating in that case, the jury in the present case was drawn from the names remaining in the box.

The question first raised therefore is whether, while a jury is out deliberating in either a civil or criminal case, a jury may be empanelled, from the list of names remaining in the jury-box, to try a person charged with a criminal offence.

The statute provides that when a jury shall be sworn to try an issue, the ballots containing their names shall then be deposited in another box and there kept apart from the ballots containing the names of the other jurors until such jury be discharged, (2 Comp. L., § 6020,) and after they are discharged, then their names are to be returned to the box. § 6021.

The statute contemplates therefore, and the uniform practice we believe has been, to not await until a jury has been discharged and their names returned to the box, before proceeding with the next case. Any other view would cause intolerable delay and obstruct jury trials in courts of record. The plea does not therefore set forth facts sufficient to justify a challenge to the array.

The bill of exceptions sets forth that the clerk in drawing the jury in the case of Ellis, knowing that the case of Craig was the next and only one to be tried that day, drew the names of the jurors who had sat in the Lemond case; that this had been the usual practice, and was taken by the clerk under the direction of the court in order that Craig might have a fair and impartial trial, all the other jurors having been excluded from the court-room during the trial of Lemond.

Where two persons have been jointly proceeded against by indictment, and separate trials are demanded and had, if the jury in the first case has been discharged, must their names be placed in the box, and the jury in the next case be drawn therefrom? That such a practice might be favorable to the accused, when his co-defendant had been tried and acquitted, may be more apparent than in case of a conviction, and yet the same rule should apply whatever the result of the case first tried might be. It would not necessarily follow that an acquittal in the case first tried, would, by the same jury, and with the same evidence, result in a like verdict in the second case. Such a conclusion could only be indulged in upon the theory that parties jointly indicted were either all innocent or all guilty of the offence charged—a theory not borne out in practice. Nor would it necessarily follow that upon the trial of the first case the jury would not form some opinion as to the guilt or innocence of the co-defendants not then upon trial. Indeed, it might very fairly be presumed that the jurors would form opinions sufficient to disqualify them from sitting in the second case. The law aims to give every person charged with a criminal offence a fair trial by an impartial jury, and although for greater safety the accused may challenge jurors for cause, and also has certain peremptory challenges, yet this presupposes that the juries called have not heard the evidence in the case, while sitting as jurors in some other cause, as this would be to place all risk upon the respondent, unless successful in his challenges for cause.

The law presumes that the petit jurors summoned are all

qualified and impartial, and that should some of them afterwards become disqualified, or their names not appear in the box because engaged in the trial of another cause, yet a jury may be empanelled from the names remaining in the box, and that the respondent cannot insist that no jury shall be called or sworn in his case, unless drawn from a box containing a list of all the jurors summoned. The statute has provided for such a condition by providing that where by reason of there being one or more juries empanelled, or for any other reason, there shall not remain any ballots undrawn, talesmen may be called in, and other provisions are found for summoning additional jurors.

The bill of exceptions farther shows that during the argument on the challenge to the array the jury in the Ellis case came into court and rendered their verdict; thereupon the court offered to have the jury so challenged leave their seats, and the names of all the jurors in attendance placed in the box and a jury drawn therefrom in the usual way; but this counsel would not assent to. This we are of opinion would have cured the error if any had been committed, as the jury first called had not been sworn or the respondent placed in jeopardy.

There being no error the judgment must be affirmed.

COOLEY and CAMPBELL, JJ. concurred